Filed 12/18/25  P. v. Redfield CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| THE PEOPLE, | C102035 |
| Plaintiff and Respondent, | (Super. Ct. No. CR0001151) |
| v. | |
| KENDALL REDFIELD, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Kendall Redfield filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We will modify the judgment to correctly reflect the trial court's oral pronouncement of the minimum fine amounts and direct that an amended abstract of judgment be prepared.

1

## FACTUAL AND PROCEDURAL HISTORY

In 2022, the People charged defendant with continuous sexual abuse of a child (Pen. Code, § 288.5),[1] three counts of committing a lewd or lascivious act on a child (§ 288, subd. (c)(1)), three counts of unlawful sexual intercourse with a minor under 16 years of age (§ 261.5, subds. (a) & (d)), and six counts of unlawful sexual intercourse with a minor (§ 261.5, subds. (a) & (c)). The People also alleged that four aggravating sentencing factors applied to defendant's offenses.

In 2024, defendant entered into a negotiated plea agreement. Pursuant to the agreement, defendant pled guilty to continuous sexual abuse of a child, three counts of unlawful sexual intercourse with a minor under 16 years of age, and two counts of unlawful sexual intercourse with a minor. The trial court imposed a stipulated sentence of 20 years four months in prison, comprising the upper term of 16 years for continuous sexual abuse of a child, three consecutive terms of one year for the three counts of unlawful sexual intercourse with a minor under 16 years of age, and two consecutive terms of eight months for the two counts of unlawful sexual intercourse with a minor. The court dismissed the remaining charges.

The trial court awarded defendant credit for time served in custody. The court found defendant lacked the ability to pay fines and fees and waived the base fines, the court operations assessment, and the conviction assessment. The court then explained that it could not waive the restitution fine required by section 1202.4 for inability to pay, so it imposed the minimum fine amount of $300, but then added "on each count," before staying the fine due to defendant's inability to pay. The court then imposed a matching stayed parole revocation fine. The court ordered defendant not to have any contact with

---

[1] Undesignated statutory references are to the Penal Code.

the victim for 10 years and to register as a sex offender for life upon his release from prison.

The abstract of judgment prepared by the court reflects an unstayed restitution fine of $1,800, as well as a stayed parole revocation fine in the same amount.

Defendant filed a timely notice of appeal and requested a certificate of probable cause on the ground that he received ineffective assistance of counsel at his sentencing hearing. The trial court denied the request.

## DISCUSSION

Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests that this court review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Counsel advised defendant of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Our review of the record disclosed that the abstract of judgment form prepared by the trial court does not indicate that the restitution fine imposed by the court pursuant to section 1202.4, subdivision (b) was stayed due to defendant's inability to pay. This error requires correction.

We will also order the amount of the fine corrected to match the court's intent and pronouncement of what it characterized as minimal fines due to defendant's inability to pay. The court clearly found that defendant lacked the ability to pay any of the $30 conviction assessments or $40 court operations assessments and selected the statutory minimum amount of $300 for the restitution fine, stayed, accordingly. (See § 1202.4, subd. (b)(1).) The court properly considered defendant's inability to pay in setting the amount of the fine and staying that amount. (§ 1202.4, subd. (c).) Though the statute *permits* the court to calculate the fine based on the number of counts, it *requires* only one restitution fine to be imposed per case. (§ 1202.4, subd. (b) & (b)(2).) Here, the court

did not calculate and pronounce $1,800 as the total restitution fine, but rather pronounced the minimum fine, mistakenly adding "on each count." We conclude the court misspoke or confused the applicable statutory provisions by imposing the minimum fine "on each count" and will modify the judgment to reflect the court's intent to impose the minimum fine on the case as a whole, and a matching parole revocation restitution fine under section 1202.45. We will also direct that the abstract of judgment, as amended, reflect that the section 1202.4, subdivision (b), restitution fine is stayed.

Having undertaken an examination of the entire record, we find no other arguable errors that are favorable to defendant.

## DISPOSITION

The judgment is modified to impose a stayed $300 restitution fine under section 1202.4, subdivision (b) and a matching $300 parole revocation fine under section 1202.45, which shall be suspended unless defendant's parole is revoked. The trial court is directed to prepare an amended abstract of judgment showing these modified amounts

and indicating that the $300 restitution fine has been stayed.  The court is further directed to provide a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.  The judgment is otherwise affirmed.


                                                  /s/
                                       Duarte, Acting P. J.

We concur:


   /s/
Mesiwala, J.


   /s/
Wiseman, J.*

---

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.